IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01421-GPG
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

DAVID MCKAY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND FILE AMENDED
COMPLAINT

---

    Plaintiff, David McKay, has filed *pro se* a Title VII Complaint against the Social

Security Administration.  (ECF No. 1).  He has also submitted an Application to Proceed

in District Court without Prepaying Fees or Costs. (ECF No. 3).  The court must

construe the Complaint liberally because Mr. McKay is not represented by an attorney.

*See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se*

litigant.  *See Hall*, 935 F.2d at 1110.

    As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), the Court has

determined that the documents are deficient as described in this order.  Plaintiff will be

directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff

files in response to this order must include the civil action number noted above in the

caption of this order.

**Application to Proceed in District Court Without Prepaying Fees or Costs**:
(1)    __     is not submitted
(2)    __     is not on proper form (must use the Federal Court's current form)
(3)    __     is missing original signature by Plaintiff
(4)    __     is missing affidavit
(5)    x     affidavit is incomplete (please complete all sections, including employment history)
(6)    __     affidavit is not properly notarized
(7)    __     names in caption do not match names in caption of complaint, petition or application
(8)    __     other:

**Complaint or Petition**:
(9)    __     is not submitted
(10)    xx     is not on proper form (must use the court's current General Complaint form, not Title VII Complaint form)
(11)    __     is missing an original signature by the Plaintiff
(12)    xx     is incomplete (please complete all sections, including parties, jurisdiction, and Request for Relief)
(13)    __     uses et al. instead of listing all parties in caption
(14)    __     names in caption do not match names in text of Complaint (names in caption should match the names listed as Parties in Section A)
(15)    xx     addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(16)    __     other:

Furthermore, the court finds that Plaintiff's Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc.*

*v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. McKay fails to provide a short and plain statement of the grounds for the court's jurisdiction.  In other words, Mr. McKay fails to identify the statutory authority that allows the court to consider the claims he is asserting in this action.

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Mr. McKay indicates he is disabled and, therefore, he may be seeking judicial review of a decision denying his claim for social security disability benefits.  If so, the court may have jurisdiction to consider his claim or claims pursuant to the Social Security Act.  However, Congress has explicitly provided that in claims arising under the Social Security Act, judicial review is permitted only in accordance with section 405(g), which requires a "final decision of the Commissioner of the Social Security made after a

hearing."  42 U.S.C. § 405(g), (h).  In order to obtain a judicially reviewable final decision, the claimant must complete a four-step administrative review process.  20 CFR § 416.1400(a).

Assuming Mr. McKay is seeking judicial review of a decision denying his claim for social security disability benefit, Mr. McKay must provide a short and plain statement of his claims showing he is entitled to relief.  He fails to allege when the Commissioner denied his claim for social security disability benefits and the reason his administrative claim was denied.  Mr. McKay also fails to identify the specific provision within the Social Security Act that authorizes his claim.

For these reasons, Mr. McKay will be ordered to file an amended complaint if he wishes to pursue his claims in this action.  In order to state a claim in federal court Mr. McKay "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  In order to satisfy the requirements of Rule 8, it may be helpful for Mr. McKay to attach to his amended complaint a copy of the Commissioner's decision denying his claim for social security disability benefits in addition to alleging the specific facts that support his claim as discussed above.

If Mr. McKay fails within the time allowed to file an amended complaint that

4

complies with this order and the pleading requirements of the Federal Rules of Civil Procedure, the instant action will be dismissed without prejudice.  However, Mr. McKay is warned that, even if the action is dismissed without prejudice, the dismissal may act as a dismissal with prejudice if the time for filing an action seeking review of the denial of social security benefits expires.  *See Rodriguez v. Colorado*, 521 F. App'x 670, 671-72 (10th Cir. 2013).  Pursuant to Section 205(g) of the Social Security Act, a civil action must be commenced "within sixty days after the mailing to [him] of notice of [any final decision of the Commission of Social Security] or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g).  Accordingly, it is

ORDERED that Mr. McKay file, **within thirty (30) days from the date of this order**, an amended complaint that cures the designated deficiencies and complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. McKay shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. McKay fails within the time allowed to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED July 14, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____

United States Magistrate Judge